[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant Alvin Zale has moved for a stay of the injunction issued by the court on April 7, 1992 and modified on May 13, 1992 and for clarification of whether the automatic stay provisions of P.B. 4046 apply.
The defendant alleges that the injunction is an extreme hardship on him and that no great injury or irreparable harm will be caused the plaintiff by the stay. The motion was heard on oral argument but no evidence was offered by the defendant in support of these allegations. The court believes that whatever financial hardship may befall the defendant will be compensated for by the bond that has been filed in accordance with the court's order issued after an evidentiary hearing and oral argument. The entire purpose of the bond proceeding was to allow all parties to present evidence as to the amount or bond that would be appropriate to protect the defendants in the event that the injunction were CT Page 9316 determined to have been improvidently granted. For these reasons the motion is denied.
The defendant contends that section 52-477 of the General Statutes does not apply and therefore the court should determine that P. B. 4046 applies.
To invoke the provisions of P. B. 4046 a party must file a motion to terminate the stay and have a hearing thereon which in this case would necessarily be evidentiary in nature. The defendant seeks to invoke the rule by filing a "Motion for Clarification". While some motions are entertained by the court even though they are not recognized in the Practice Book, e.g. Motion to Reargue, Motion to Articulate and even a Motion to Clarify, each of these motions is clearly supplemental to a decision previously rendered by the court on the very issue addressed in the current motion. Such is not the case here. The Motion to Clarify is unauthorized and inappropriate and so the court declines to rule on the motion.
MOTTOLESE, J.